NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-192

COMMONWEALTH

vs.

CEDRIC D. WILLIAMS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge suppressed evidence of the contents of a cell phone seized from the defendant in the aftermath of a homicide. The Commonwealth obtained leave to file an interlocutory appeal. See Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017). We affirm.

Background. We recite the facts as found by the motion judge. On December 21, 2018, at about 12:35 A.M., police officers responded to a ShotSpotter activation in the Roxbury section of Boston. Officers went behind a building and saw the defendant and another man look at the approaching officers, turn around, and walk away at a rapid pace. The two men complied with the command of officers, at gunpoint, to stop and raise their hands. An initial patfrisk indicated the men were unarmed.

While officers stayed with the two men, other officers investigated noises heard on the rear staircase to the building. In the meantime, the defendant held a cell phone in one hand and appeared to be using it. On the staircase, officers found a man suffering from several gunshot wounds that proved fatal. After a woman at the scene told officers that the defendant had thrown a firearm over the fence, officers handcuffed the defendant. Through a second patfrisk, officers seized a black CoolPad cell phone from the defendant's pocket. Searching the area behind the fence as indicated by the witness, officers found a firearm.

After questioning the defendant at police headquarters, officers released him, but kept the CoolPad cell phone as well as a red iPhone they obtained from the defendant during the course of the interrogation. The defendant never asked for the cell phones before his release nor at any time thereafter. The officers referenced the seizure of the cell phones in police reports but did not document them in an inventory report.

Over the next thirty-four days, officers investigated the homicide. On January 24, 2019, officers obtained a warrant to search the contents of the black CoolPad cell phone. Six days later, the police arrested the defendant. The motion judge suppressed evidence of the contents of the CoolPad cell phone after concluding that "waiting 34 days to obtain a search

2

warrant for the phone's contents was unreasonable under the particular facts and circumstances of this case."  We agree.

Discussion.  "In reviewing a ruling on a motion to suppress evidence, we accept the judge's subsidiary findings of fact absent clear error" (citation omitted).  Commonwealth v. Villagran, 477 Mass. 711, 713 (2017).  "A finding is clearly erroneous if it is not supported by the evidence, or when the reviewing court, on the entire evidence, is left with the firm conviction that a mistake has been committed" (citation omitted).  Id.  "We review independently the application of constitutional principles to the facts found" (citation omitted).  Id.  In its appeal, the Commonwealth faults the judge for failing to consider the defendant's minimal interest in the CoolPad cell phone, the government's strong interest in probing the connection between the cell phone and a homicide, and the significant duties and responsibilities that diverted police officers from obtaining a search warrant at an earlier time.  On our independent review of the motion judge's analysis, we discern no cause to disturb his conclusions of law.

Police officers "may seize property 'to prevent destruction or removal of evidence during the relatively short period of time needed . . . to obtain a search warrant.'"  Commonwealth v. Gentile, 437 Mass. 569, 573 (2002), quoting Commonwealth v. Taylor, 426 Mass. 189, 195 (1997).  The situation is analogous

3

to "securing a place to be searched" pending the issuance of a search warrant.  Taylor, supra.  Once the police seize property without a warrant, they are "required to 'make it a priority' to acquire one" within that relatively short period of time. Commonwealth v. White, 475 Mass. 583, 594 (2016), quoting United States v. Burgard, 675 F.3d 1029, 1035 (7th Cir.), cert. denied, 568 U.S. 852 (2012).  The delay between the warrantless seizure and the application for the warrant must be "no longer than reasonably necessary for the police, acting with diligence, to obtain the warrant."  Illinois v. McArthur, 531 U.S. 326, 332 (2001).  The police "must release the item if a warrant is not obtained within that period."  White, supra at 593.

Here, the police applied for the search warrant thirty-four days after seizing the CoolPad cell phone.  There is no "bright line" or simple tallying of days to gauge whether police conduct exceeds constitutional limits (citation omitted).  White, 475 Mass. at 593.  "[T]he ultimate touchstone of the Fourth Amendment [to the United States Constitution] is 'reasonableness.'"  Brigham City v. Stuart, 547 U.S. 398, 403 (2006).  "[T]he reasonableness of the delay is determined by 'balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'"  White, supra at 593-594, quoting United States v.

4

Place, 462 U.S. 696, 703 (1983). Even if we agree that the Commonwealth had a strong interest in probing the connection of the phone to the homicide, we do not believe the defendant had a diminished interest in his property merely because he did not protest the seizure or demand the return of the cell phone. Contrast Commonwealth v. Cruzado, 480 Mass. 275, 283-284 (2018) (minimal possessory interest in cell phone, where defendant disclaimed it belonged to him). Examining the nature and quality of the intrusion on the defendant's possessory interest in the cell phone, we conclude that the delay here was unreasonable in a constitutional sense because the police did not make it a priority to obtain the search warrant.

The Commonwealth argues forcefully that during this delay the police officers in this case conducted a methodical investigation while simultaneously carrying out significant duties and responsibilities. For example, officers interviewed witnesses, obtained and reviewed surveillance video, and obtained phone records. Officers also underwent extensive trial preparation in another case and investigated other homicides while balancing holiday and vacation time demands.

We agree that there is nothing in the record to suggest that the police investigators in this case generally lacked diligence in the performance of their various duties. "The relevant inquiry, however, does not concern the detectives'

5

general diligence in performing their duties, but, rather, whether they acted 'diligen[tly] in obtaining the warrant.'" White, 475 Mass. at 594, quoting United States v. Laist, 702 F.3d 608, 614 (11th Cir. 2012).  The Commonwealth asserts that, at the time of the seizure, the police had probable cause to believe that the cell phone "would contain evidence related to the murder"; yet, the police did not articulate that probable cause in a search warrant affidavit until thirty-four days later.  "Once police seized the defendant's cellular telephone without a warrant, they were required to 'make it a priority' to acquire one," but the record shows that they did not so prioritize it.  White, supra, quoting Burgard, 675 F.3d at 1035. After depriving the defendant of his property, the police had an obligation, with due diligence, to obtain a warrant or to return the property.  See, e.g., Commonwealth v. Kaup, 453 Mass. 102, 109 (2009) (police seized computer hard drive and obtained search warrant nine days later).  Contrary to the concern the Commonwealth expressed in its brief, we are not "second guessing" how the police allocated resources during the investigation.  Instead, we are concluding that the valid, competing priorities chosen by the police in this case did not comport with the constitutional mandate for a prompt search warrant application.

6

We have reviewed the Commonwealth's cited Federal cases that countenance delays of comparable or significantly longer duration than the delay presented here.  These cases, however, are distinguishable in at least one significant respect.  In the present case, the police seized the defendant's cell phone without his consent.  The two Federal cases cited involved consensual seizures of property that did not infringe a constitutionally protected property interest.  See Laist, 702 F.3d at 618 (twenty-five day delay reasonable where "initial seizure [of computer] was based on consent"); United States v. Stabile, 633 F.3d 219, 235 (3d Cir.), cert. denied, 565 U.S. 942 (2011) (three-month delay reasonable "where a person consents to search [of home] and seizure [of computer]").  Because there is no evidence in the present case that the defendant consented to the seizure of the cell phone, these Federal cases are inapposite.

We have also reviewed an out-of-State case cited by the Commonwealth as additional persuasive authority.  In People v. Shinohara, 375 Ill. App. 3d 85, 91 (2007), the Appellate Court of Illinois approved a delay of seventy-five days in seeking a search warrant following the seizure of a computer.  The holding in that case, however, was limited.  The defendant there claimed "without elaboration or citation to authority" that the delay in obtaining the warrant rendered the search unreasonable.  Id. at

7

101. Given this bare claim, the Illinois court expressly limited its review to determining whether the delay in obtaining the search warrant vitiated probable cause where "the facts supporting the underlying probable cause may have grown stale or the item or place to be searched is subject to change." Id. at 101. Unlike the defendant in Shinohara, the defendant here squarely presented an argument that the search of the CoolPad cell phone was unreasonable because the police failed to prioritize obtaining a warrant within a relatively short period of time after seizing it. See White, 475 Mass. at 594. Therefore, on close examination, the Shinohara case did not address the same question that is before us.

Finally, at oral argument, the Commonwealth presented an additional argument to justify the delay in obtaining the warrant. According to this argument, the police needed additional time to sort out which of the two cell phones seized from the defendant actually belonged to him. During the interview, the defendant told the police that the red iPhone was his phone and never mentioned the black Coolpad cell phone. As it turned out, the police later determined that the statement about the red iPhone was false. The red iPhone belonged to the victim. An effort by a defendant to throw the police investigation off track is certainly a valid consideration in determining the reasonableness of a delay in obtaining a

8

warrant; however, because the Commonwealth did not raise this argument in the Superior Court, and neither the defendant nor the judge had an opportunity to address it on a fully developed record, we will not consider the implications of that argument for the first time on appeal.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Conclusion.  That portion of the order entered January 14, 2022, allowing the suppression of the contents of the CoolPad cell phone is affirmed.

So ordered.

By the Court (Shin, Brennan & Hodgens, JJ.[1]),

Assistant Clerk

Entered:  January 23, 2024.

---

[1] The panelists are listed in order of seniority.